# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**PERSONNA WALKER**,

    Plaintiff,

v.

**JEANA BEELAND**,

    Defendant.

Civil Action No. 7:21-CV-83

## ORDER

Plaintiff Personna Walker filed this pro se employment discrimination case on July 9, 2021, alleging that Defendant Jeana Beeland, the Human Resources Manager at CJB Industries, Inc., discriminated against her based on her race gender, age, and disability. Noting that Plaintiff had not yet served Defendant with a copy of the Summons and Complaint, on December 8, 2021, the Court issued an Order for Plaintiff to show cause why her case should not be dismissed for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 2). Plaintiff filed a timely response to the Court's Order. (Doc. 4). Upon review of Plaintiff's response, the Court concludes that extending the time for service is not warranted. The Court therefore **DISMISSES** this case without prejudice for lack of service.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve process on a defendant "within 90 days after the complaint is filed." Fed.R.Civ.P. 4(m). If

the plaintiff fails to do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. But, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. A litigant's pro se status does not excuse the obligation to comply with the rules of the court. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

Good cause exists, "only when some outside factor, such as reliance on faulty service, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal punctuation and quotation omitted). Absent a showing of good cause, the district court may in its discretion extend the time for service. See Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005). In making this decision, the district court shall "consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Lepone-Dempsey, 476 F.3d at 1282. Relevant factors include whether plaintiff's claims would be barred by the statute of limitations if the action is dismissed. See Horenkamp, 402 F.3d at 1131, 1133. However, "the running of the statute of limitations does not require that a district

court extend the time for service of process" under Rule 4(m). Id.; see also In re Trasylol Products Liability Litigation, 503 F. App'x 850, 857 (citing Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996) ("[A]bsent a finding of good cause, a district court may in its discretion still dismiss a case even after considering that the statute of limitations has run.")).

Here, Plaintiff has not shown that her failure to serve Defendant resulted from some outside factor. In her response to the Court's Order, Plaintiff states she was unable to serve Defendant due to "unavoidable circumstances." (Doc. 4). She was struggling to find work and dealing with uncertainty in her living arrangements. (Id.). She further explained that she was not sure if she filed "the case wrongly or improper with an attorney" and that she "[d]idn't want any mistakes made on [her] part." (Id.). The Court appreciates Plaintiff's personal circumstances and understands her lack of knowledge of the law; however, these factors to not amount to good cause.

Plaintiff additionally attached to her response a certified mail receipt, demonstrating that she mailed a copy of the Complaint to Defendant by certified mail on December 9, 2021. (Docs. 2, 4-1). Rule 4(e) requires personal service. Service by mail is not sufficient to satisfy the rule. Fed. R. Civ. P. 4(e); O.C.G.A. § 9-11-4.

Even in the absence of good cause, however, the Court may in its discretion extend the time for service. The Court declines to exercise its

3

discretion to extend the time for service finding that doing so would be fruitless. Under 42 U.S.C. § 2000e-5(f)(1), a plaintiff must file her complaint within 90 days of receiving her right to sue letter from the Equal Employment Opportunity Commission. Plaintiff's right to sue letter, which she attached to her Complaint, is dated March 6, 2018. (Doc. 1-1, p. 8). Plaintiff did not file her lawsuit until July 9, 2021, more than three years later. Accordingly, even if the Court were to extend the time for service, Plaintiff's claims still would be subject to dismissal.

Finding that extending the time for service would be futile, the Court **DISMISSES** this action for lack of timely and proper service.

**SO ORDERED** this 21st day of December, 2021.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks